IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                                 NO. 2:11-cv-3022-KJM-KJN

      v.

HCM BROTHERS, INC.,                  <u>ORDER TO SHOW CAUSE</u>

      Defendant.

_____/

        Plaintiff Scott Johnson filed suit on November 14, 2011, alleging defendant HCM Brothers did not comply with the American with Disabilities Act ("ADA"). (ECF 1.) Defendant did not file an answer by the January 4, 2012 deadline. (ECF 5.) Consequently, plaintiff requested that the clerk enter a default on March 5, 2012 (ECF 6), which the clerk of the court granted on March 6, 2012 (ECF 7). On March 28, 2012, defendant filed what might liberally be construed as an answer. (ECF 10.) This document contained a statement of compliance with the ADA and pictures demonstrating compliance.

        Between March 28, 2012 and November 20, 2012, neither plaintiff nor defendant took action in this case. On November 21, 2012, plaintiff filed a request to strike defendant's answer filed nearly eight months earlier. (ECF 11.) Plaintiff requests this court strike defendant's answer, which was filed without assistance of counsel, because defendant, as a

1

corporation, cannot appear in federal court without an attorney. (*Id.* (citing *Rowland v. California Men's Colony*, 506 U.S. 184, 202 (1993)).) Plaintiff's request is GRANTED.

However, plaintiff failed to take any action in this case for nearly eight months. In that time, plaintiff has made no effort to secure a default judgment. Plaintiff is hereby ordered to show cause why this case should not be dismissed for failure to prosecute.

Additionally, defendant's answer, however deficient, may demonstrate that defendant has now complied with the ADA. A private individual who brings suit under Title III of the ADA cannot recover damages, but rather may seek only injunctive relief; under the Unruh Act and other state statutes, however, damages are available. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). When facilities are brought into ADA compliance during the course of the litigation, the ADA action becomes moot. *Id.* In light of defendant's March 28, 2012 filing, plaintiff is directed to show cause why the ADA action is not moot.

Plaintiff has 21 days from the date of this order to comply with the court's directions. Any failure to timely respond itself may result in dismissal of this action.

IT IS SO ORDERED.

DATED: November 29, 2012.

_____
UNITED STATES DISTRICT JUDGE